IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Glynndeavin von Fox,** | ) | **Case No. 2:16-cv-225-RMG-MGB** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **The Sovereign Country of Japan,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Pending is the *pro se* Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" ("IFP"). (DE# 3). In the eighteenth of many civil actions recently filed by Plaintiff in this Court, [1] Plaintiff sues the Sovereign Country of Japan for its alleged "recognition of the State of South Carolina as an International State in the world." (DE# 1 at 4). Pretrial proceedings in this action have been referred to the assigned Magistrate Judge. Pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the Complaint and submit findings and recommendations to the District Judge.[2] Upon review, the Magistrate Judge recommends that the Plaintiff's motion to proceed IFP be **denied** and that the case be **summarily dismissed** for the following reasons:

## I.  Relevant Law

### A. Liberal Construction for *Pro se* filings

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v.*

---

[1] See D.S.C. Case Nos. 2:16-cv-98; 2:16-cv-106; 2:16-cv-131; 2:16-cv-132; 2:16-cv-136; 2:16-cv-179; 2:16-cv-180; 2:16-cv-181; 2:16-cv-182; 2:16-cv-183; 2:16-cv-184; 185; 2:16-cv-186; 2:16-cv-197; 2:16-cv-188; 2:16-cv-209; 2:16-cv-225; 2:16-cv-227; 2:16-cv-228; 2:16-cv-394.

[2] The Fourth Circuit Court of Appeals recently held that an order denying leave to proceed IFP is the "functional equivalent" of a dismissal, and thus, is outside the scope of a magistrate judge's authority. *Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (unpublished).

*Rowe*, 449 U.S. 5 (1980) (per curiam). ). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Applications to Proceed IFP

A plaintiff may pursue a civil action in federal court without prepayment of the filing fee if he submits an affidavit containing a statement of his assets and demonstrates that he cannot afford to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The purpose of the IFP statute is to assure that indigent persons have equal access to the judicial system by allowing them to proceed without having to pay the filing fee. *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir.1981), *cert. denied*, 454 U.S. 1151 (1982). A plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An affidavit to proceed IFP is sufficient if it states facts indicating that the plaintiff cannot afford to pay the filing fee. *Adkins*, 335 U.S. at 339. If a court determines at any time that the allegation of poverty in an IFP application is not true, then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A); *and see, e.g., Justice v. Granville Cty. Bd. of Educ.,* 2012 WL 1801949 (E.D.N.C. May 17, 2012) ("dismissal is mandatory if the court concludes that an applicant's allegation of poverty is untrue"), *aff'd by*, 479 F. App'x 451 (4th Cir. Oct. 1, 2012), *cert. denied*, 133 S.Ct. 1657 (2013); *Berry v. Locke*, 2009 WL 1587315, *5 (E.D.Va. June 5, 2009) ("Even if Berry's misstatements were made in good faith, her case is subject to dismissal because her

allegation of poverty was untrue"), *appeal dismissed*, 357 F. App'x 513 (4th Cir. 2009). Prior to statutory amendment in 1996, courts had discretion to dismiss a case if it determined that an allegation of poverty was untrue. *See Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The 1996 amendment changed the words "may dismiss" to "shall dismiss." Mandatory dismissal is now the majority view, and district courts in the Fourth Circuit have adhered to the majority view. *See, e.g., Justice*, 2012 WL 1801949, *6 n.5; *Staten v. Tekelec*, 2011 WL 2358221, *1 (E.D.N.C. June 9, 2011); *Berry*, 2009 WL 1587315, *5.

## II. Discussion

### A. IFP Not Warranted

In his IFP motion dated January 22, 2016, Plaintiff indicates that he is employed by "Fox Consulting Firm, LLC" and that his "take-home pay or wages" are $1,200.00 monthly. (DE# 3, ¶ 2). On the printed form, he checks boxes indicating that in the past 12 months, he has received income from (a) business, profession, or other self-employment; (b) rent payments, interest, or dividends; (d) disability or worker's compensation payments; and (e) gifts or inheritances. (*Id*. ¶ 3). Plaintiff explains that the amount he received for (a) was $50.00; (b) $1,200.00; (d) $1,200.00; and (e) $500.00. (*Id*.). He indicates that he has $400.00 in his bank account. (*Id*. ¶ 4).[3] Plaintiff also indicates he has "real estate and stocks" valued at $140,000.00. (*Id*. ¶ 5).

Plaintiff indicates he has no expenses for "housing, transportation, utilities, or loan payments, or other regular monthly expenses" and no debts or other financial obligations. (*Id*. ¶¶

---

[3] Plaintiff's various IFP motions in his 2016 lawsuits indicate bank account balances between $1,000.00 and $300.00. The Court may properly take judicial notice of such records. *See Philips v. Pitt Cty. Mem. Hosp*., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice is in noticing the content of court records"). Also, the Court takes judicial notice of the fact that Plaintiff has filed numerous cases in the state courts, which have also denied him permission to proceed IFP and summarily dismissed the cases. *See, e.g.,* Charleston County Circuit Court Case Nos. 2016CP1000297; 2016CP1000320; 2016CP1000321; 2016CP1000322; 2016CP1000352; 2016CP1000515; 2016CP1000516.

6, 8). Plaintiff indicates he has monthly income of $1,200.00, assets of $140,000.00, and no debts or other monthly expenses, which suggests that he has the ability to pay the filing fee. *See, e.g., Justice,* 2012 WL 1801949, *3 (denying IFP status where plaintiff indicated he owned real and personal property with a total value of $113,500.00 because "the benefit of filing IFP was not intended to allow individuals with significant real and personal property interests to avoid paying a filing fee of $350.00 in each case"). In addition, he indicates in his Complaint that when he visited Japan, he had "over 19,000 USD" and had "plenty of Japanese yen" in his possession. (DE# 1 at 4). Taken as true, these facts all suggest that Plaintiff has the funds to pay the filing fee.

Based on the record presently before the Court, it appears that Plaintiff can pay the filing fee. This case should therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A). *See also Justice,* 2012 WL 1801949, at *5 (denying IFP status because plaintiff could pay the filing fee and dismissing four civil lawsuits by the same *pro se* plaintiff); *Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir.2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); *Cabbil v. United States*, Case No. 1:14-cv-04122-JMC-PJG, 2015 WL 6905072, *1 (summarily dismissing without prejudice; plaintiff not entitled to proceed IFP); *Willingham v. Cline*, 2013 WL 4774789 (W.D.N.C. Sept. 5, 2013) (same).[4]

### B. The Complaint Fails to Set Forth a Basis for Subject Matter Jurisdiction, Fails to State a Claim, and is Legally and Factually Frivolous

---

[4] When denying leave to proceed IFP, the dismissal may be with or without prejudice, in the court's discretion. See *Staten*, 2011 WL 2358221, *2 (indicating that dismissal with prejudice "for an untrue allegation of poverty … is appropriate only when the applicant intentionally misrepresented his … financial condition, acted with bad faith, and/or engaged in manipulative tactics or litigiousness"); *Berry*, 2009 WL 1587315, *5 (same, citing *Thomas*, 288 F.3d at 306-308); *In re Sekendur*, 144 F. App'x at 555 (7th Cir. 2005) ("a court faced with a false affidavit of poverty may dismiss with prejudice in its discretion"). While Plaintiff appears "litigious," the record does not establish that Plaintiff "intentionally misrepresented his financial condition." Rather, the facts in his affidavit simply do not indicate that he is entitled to proceed IFP. Hence, dismissal without prejudice is appropriate.

In addition to not being entitled to proceed IFP, Plaintiff has filed a Complaint that fails to set forth any basis for federal subject matter jurisdiction, fails to indicate how he would have standing to complain of Japan's alleged "recognition of the State of South Carolina as an International State in the world," fails to state a plausible claim for relief, and is factually and legally frivolous.

In his Complaint, Plaintiff relates a rambling and incomplete story about his alleged trip to Japan at an unspecified time.[5] Plaintiff's allegations are difficult to follow. (DE# 1 at 4-6). Plaintiff complains that "the Japanese government deported me breaking their own deportation laws." Plaintiff further complains that:

> When we boarded the aircraft from Narita Airport I was placed in the seat, the regular passengers started boarding the flight, so the whole time I felt like a political puppet to show Japanese strength in the international community. At this point, I understood that I was in a situation that was similar to an extortion attempt by a government to gain either favor with the United States of America, or to show that the Japanese government could do whatever it wanted in regards to the United Nations Charter as a member country. When we landed at John F. Kennedy International Airport, I was allowed to leave the plane with my money, passport, and wallet. I was met with the Immigration and Nationalization Service (INS), and complied with the request to be hand-cuffed and taken to the INS office for interpretation of what had just happened on the Japanese Airline (JAL) aircraft. I explained what had happened on the JAL flight, and the issues while in country to the INS agent. The Japanese Ministry of Immigration officers talked directly to the INS agents…

(*Id*. at 4-5). Plaintiff indicates that he did not want to take his medication, but that "they" had been forcing him to take it. (*Id*. at 5). He then concludes that the "only way that they could have taken me back to the United States of America was with recognition of the State of South Carolina through bench warrant issued by the South Carolina Judicial organization." (*Id*.).

---

[5] In some of his other cases, Plaintiff indicates this trip was in 2013.

The allegations of the Complaint are conclusory, illogical, nonsensical, and appear to be the "ramblings of a troubled mind." *See, e.g., Arledge v. Hall,* 2006 WL 1518915, *1 (S.D.Ga. May 31, 2006) ("these various complaints are utterly fanciful and are clearly the product of a troubled mind that is … having difficulty grappling with reality"). Plaintiff's allegations are, for the most part, incomprehensible. The Complaint's allegations fail to state any sort of plausible claim. The Complaint's allegations lack any basis in fact or law, and therefore, are also frivolous.

Plaintiff's Complaint is also devoid of any facts or allegations that would suggest a proper basis for jurisdiction. See 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). A federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Id.* at 352; *see also Carter v. Ervin*, Case No. 0:14–cv–00865–TLW-PJG, 2014 WL 2468351, *3 (D.S.C.) ("the court possesses the inherent authority to ensure that … federal jurisdiction exists"), *appeal dismissed*, 585 F.App'x 98 (4th Cir. 2014); *see also* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Although Plaintiff complains of Japan's alleged "recognition of the State of South Carolina as an International State in the world," he does not indicate how he believes he would have standing to dispute this matter. Plaintiff indicates he would like "the Court to take this matter to the International Court of Justice (ICJ) at the Hague, Netherlands, for prosecution and discovery." (DE# 1 at 8). The International Court of Justice is the principal judicial organ of the United Nations and was established in June 1945 by the Charter of the United Nations. Its official website indicates that the ICJ's role is "to settle, in accordance with international law, legal disputes submitted to it

by States and to give advisory opinions on legal questions referred to it by authorized United Nations organs and specialized agencies." See http://www.icj-cij.org. Plaintiff is not a "State" that can submit legal disputes or questions to the International Court of Justice.

Although Plaintiff complains that INS agents met him at the airport, the INS was an agency of the U.S. Department of Justice from 1933 to 2003. In other words, such agency no longer existed at the time Plaintiff claims to have been flying internationally and dealing with INS agents. The INS ceased to exist under that name on March 1, 2003, when most of its functions were divided among three new agencies, i.e. the U.S. Citizenship and Immigration Services (USCIS), U.S. Immigration and Customs Enforcement (ICE), and U.S. Customs and Border Protection (CBP). These agencies are under the Department of Homeland Security.[6]

Although *pro se* complaints are liberally construed, a plaintiff must do more than make vague and conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir.1994); *White v. White*, 886 F.2d 721, 723 (4th Cir.1989). A plaintiff must allege facts that actually support a plausible claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir.2003). The present Complaint fails to do so, and therefore, summary dismissal is appropriate.

### C. Plaintiff Seeks Relief that is Unavailable or Inappropriate

Finally, the *pro se* Plaintiff seeks relief that is unavailable or inappropriate. (DE# 1 at 8, "What I Would Like the Court to Do"). He indicates he would like "the Court to take this matter to the International Court of Justice (ICJ) at the Hague, Netherlands, for prosecution and discovery in the matter." (*Id.*). Plaintiff miscomprehends the function of the Court. This Court hears and adjudicates cases, it does not "prosecute" parties on behalf of another party. Plaintiff is responsible

---

[6] See http://www.dhs.gov/organization.

for his own discovery. He further indicates that he would like to "receive 50 million USD" with part of it going to various foundations and the remaining 27 million in a JP Morgan Wealth Management account for myself." (*Id.*). This Court does not award "wealth management accounts" as damages.

## III. Recommendation

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's "Motion for Leave to Proceed *in forma pauperis"* (DE# 3) be **denied**, and that this case be **summarily dismissed**, without prejudice, and without issuance and service of process.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 12, 2016
Charleston, South Carolina

The plaintiff's attention is directed to the *Important Notice* on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).